UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-20813-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

IDALBERTO ZAYAS,

    Defendant.
_____/

**ORDER FINDING THE DEFENDANT IS INCOMPETENT TO PROCEED
AND
COMMITTING HIM TO THE CUSTODY OF THE ATTORNEY GENERAL
FOR TREATMENT**

This matter came before the Court for a hearing regarding Defendant Idalberto Zayas' competency to proceed in the instant matter.  Mr. Zayas initially appeared in Court on these charges, which were then contained in a Complaint (Case No. 10-3221-MJ-Goodman) on August 27, 2010, before the Honorable Jonathan Goodman, United States Magistrate Judge (DE # 5).  At that time, Magistrate Judge Goodman granted the Government's *ore tenus* motion for a competency evaluation pursuant to 18 U.S.C. § 4241(b), as well as for a determination of the Defendant's sanity pursuant to 18 U.S.C. § 4242 (DE # 2).  The Office of the Public Defender was appointed to represent the Defendant.  Subsequently, an Indictment was returned, and the case was assigned to the United States District Judge K. Michael Moore.  Judge Moore has referred this case to the undersigned Magistrate Judge to take all necessary and proper action as required by law regarding all pretrial motions (DE # 15).  Thereafter, at a status conference held before Magistrate Judge Goodman, based upon the above Order of Referral, the parties agreed that all further matters regarding the Government's motion for a competency

evaluation should be handled by the undersigned Magistrate Judge (DE # 19).

Based upon the above Order for a competency evaluation, Rodolfo A. Buigas, Ph.D., conducted a forensic evaluation of Mr. Zayas at the Federal Detention Center in Miami, Florida.  A report of ths evaluation has been filed with the Court under seal (DE # 23).

A competency hearing was held on December 2, 2010.  Defendant Idalberto Zayas, his Counsel, and Counsel for the Government were present.  The parties agreed that the Court could make a competency determination based upon the written Forensic Evaluation prepared by Dr. Buigas, and that live testimony from Dr. Buigas was not necessary.  The undersigned concurred that because the written Forensic Evaluation was comprehensive in nature and sufficiently detailed, that in-court testimony by Dr. Buigas was not necessary.  In addition, Mr. Zayas addressed the Court personally.

The parties also confirmed their agreement that the Defendant was not competent to proceed.  Based upon the above proceedings, the undersigned finds, by a preponderance of the evidence, that the Defendant is not competent to proceed in this matter.

The written Forensic Evaluation sets forth the results of the evaluation in detail, and is incorporated by reference.  In summary, Dr. Buigas provided the following diagnostic impression:

> Mr. Zayas is actively experiencing a mental illness with disturbances in thought processes, mood and perceptions, although the severity of the symptoms have diminished since his arrival to this facility.  His primary disturbances center on irrational beliefs of persecution and he endorses perceptual disturbances described as various voices.  His speech production was recently increased and his associations between ideas can be poor.  Furthermore, the defendant has very limited insight into his mental illness.  The defendant's

> **mental illness has led to impairment in a variety of domains including social, occupational and legal functioning. He likely meets the criteria for Schizophrenia, Paranoid Type, although there were limited collateral records to more definitively establish the presence of this condition. Therefore, the qualification of provisional was noted to communicate a degree of diagnostic uncertainty.**
>
> **Mr. Zayas also qualifies for a diagnosis of Adult Antisocial Behavior.**

(DE # 23, Forensic Evaluation at 6).

With respect to the Defendant's competency to stand trial; that is, his factual and rational understanding of the nature and consequences of the legal process as well as his ability to assist with his defense, Dr. Buigas provided the following summary of his analysis:

> **In summary, the defendant's factual knowledge, including understanding of his charge and of courtroom procedure, is marginal. His rational understanding and appreciation of the proceedings against him appears to be adversely impacted by an active thought disturbance. Additionally, the defendant would not be able to assist in his defense even if motivated. Therefore, it is the opinion of this examiner that Mr. Zayas is incompetent to proceed. It is recommended that he undergo mandatory competency restoration treatment.**

(DE # 23, Forensic Evaluation at 7).

The undersigned further notes that the opinions expressed in the Forensic Evaluation were corroborated by the Court's own observations of the Defendant in Court. Specifically, when the Defendant addressed the Court, he was rambling, disorganized, and seemingly had great difficulty in comprehending the proceedings.

Accordingly, this Court, having carefully considered the Forensic Evaluation submitted, as well as the colloquy with the Defendant and the Counsel for the defendant and the United States, finds by a preponderance of the evidence, pursuant to 18 U.S.C. §

4241(d), that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Title 18, United States Code, Section 4241, entitled, "Determination of mental competency to stand trial to undergo postrelease proceedings," provides, in pertinent part,

> (d) Determination and disposition.--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until--
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law;
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

Therefore, pursuant to this section, because the Court has determined that the Defendant is not competent to proceed in this matter, it is hereby

ORDERED:

1.  Pursuant to 18 U.S.C. § 4241(d), the defendant, Idalberto Zayas, is committed to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to proceed.

2.  The Attorney General, through the United States Attorney's Office, shall file monthly reports concerning the defendant's status and provide copies to counsel of record, with the first report being due on January 10, 2010.

3.  The period of time during which the Defendant's competency is being determined pursuant to 18 U.S.C. § 4241, is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A).

DONE AND ORDERED in Miami, Florida, on December 8, 2010.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
　　Counsel of Record
　　Bureau of Prisons
　　U.S. Marshals Service